in California. My client committed the crime in Arkansas at the age of 16, 1972. Other people who committed the same crime the same year at the same age who committed the crime in California do not have to register. Although they could have in California if they had been certified through the process and tried as an adult. Probably. In that sense. What is the, to the circumstances of your client, do you pose that there are ambiguities as to whether he was, how he was actually treated in Arkansas as to whether he was treated as a juvenile or treated as an adult? Well, that's one of the bizarre sort of circumstances of this case. When my client pled guilty in Arkansas in 1972, he was released to his parents. He was not until he unfortunately did a non-registrable offense, was a burglar, I believe, that they revoked his probation two years later and sent him to a youth-like facility. He then served time in that youth-like facility that's essentially equivalent or should have been equivalent to the Department of Youth Authorities and then was transferred to an adult facility at the age of 25. But here you have this bizarre circumstance where people in California who are released to their parents who commit the same crime don't have to register. And that's a case cited in Ray Bernardino S. And in this case, my client was released to his parents and is required to register. So your, is your argument in part that there isn't sufficient evidence that he met the kind of conditions in Arkansas that would have made him punishable as an adult in California? Absolutely. And by requiring him to register, you are just essentially continuing a due process violation, if you may. I see that I have one minute and 20 seconds left and I would like to reserve some time for rebuttal, if I may. Sure. Go ahead. Good morning. May it please the Court. Steve Acquisto on behalf of defendants and appellees. I'd like to just address some of the questions that the Court had. A2D of Penal is convicted of an offense. The focus then is, is that offense punishable in California? And the offense that Mr. Bean was convicted of is punishable in California. And it's listed in subparagraph A. That's that's the end of the analysis. Mr. Well, not not. I don't believe it's the end of the analysis because we have a situation where in California he would have to have been certified for punishment as an adult for that to apply. Isn't that correct? That's correct. That's correct. And we had none of that as far as we can tell. Well, the record is really incomplete about what happened in Arkansas. But he was released to his parents. The registration requirement, though, Your Honor, does not hinge upon what happens after conviction. It doesn't hinge on whether someone's paroled or someone sent to a juvenile facility or someone sent to a prison. Well, wait, wait, wait, wait. You say it's unclear. The only way he could have been punishable in California as a 16 year old charged with this offense would have been certified if he wasn't given equivalency in Arkansas and was treated as a juvenile. Why isn't that just as the L.A. Superior Court found in a different context, evidence that he was not treated as an adult and less treated as an adult, he wouldn't have been punishable in California. Well, the evidence is, though, Your Honor, that he was convicted. Arkansas at that time. Convicted as a juvenile. No, no. Conviction is a term reserved. You say it is. But is that true in Arkansas? Well, based on the information that we have, it seems so. It appears that from the law review article that the appellant has attached in the statutes, that in Arkansas the juveniles could be treated as adults and convicted or sent, committed and sent to a juvenile facility. Mr. Bean, from the records that he's produced, indicate that he was convicted of a felony and sentenced to state, the state penitentiary. Now, we have to give full faith and credit to that conviction. And this is not the proper action for Mr. Bean to challenge the adequacy of process that was afforded to him in Arkansas. Well, what we do now is look at the California statute and make a determination as to whether in California, under those circumstances, he would have been treated as an adult. And certainly that's not the case that we can show here. Well, actually, Your Honor, individuals who were accused of committing this offense in California could easily have been convicted as adults. But they would have to go through the process of being certified. That's true. And then they would have to go through the That's true. But individuals who were convicted, minors who are convicted of this offense in California have to register, just as Mr. Bean, who was a minor and convicted of this offense in another state, has to register. There's no equal protection problem. Well, in California, as I understand it, the crime would have to be post a certain date in order for that to be true. Isn't that the case? No, no. That's the confusion that's caused by the juvenile and the adult provisions. If this was a juvenile adjudication, and there's no indication that it was, I concede there would be an equal protection problem because the juvenile provisions of 290 only require registration of California juveniles post 1986, whereas juveniles from other states have to register regardless. However, this was an adult conviction, and there's no indication otherwise. And Arkansas had the ability to convict adults, or minors. Under California law, there would have to have been a certification for him to have been treated as an adult, and that never took place. Is that right? Well, we really don't, the record's incomplete. We really don't know what process occurred in Arkansas. But, again, this is not the proper forum for him to contest the adequacy of process that he was afforded in Arkansas 30 years ago. Is there juvenile law in California similar to our Welfare and Institutions Code section 600-sec? Is there, you mean in Arkansas? In Arkansas. In Arkansas, there was a transfer provision similar to the transfer provision in effect in California in 1972. It allowed juvenile courts to transfer minors to criminal court for conviction. Who has the burden to establish, you say, this isn't the proper forum, but here California's tagging somebody going back decades, in this case, and saying, gee, you know, you had, of course, no idea you'd ever come to California, and, indeed, even in 1972, you wouldn't have So, the time for him, effectively, to challenge it as a matter of process, looking to some collateral consequences, long passed. So, we're sort of stuck with the record that exists. And, in that situation, who ought to have the burden to make it clear that he would have been punishable if it turns on whether, in fact, he was comparably treated as a juvenile slash adult in Arkansas? Why shouldn't the state have that burden? Why shouldn't the state have that burden? To show that clearly. Well, the state has the burden, I believe, to verify whether Mr. Bean sustained a conviction for one of the enumerated offenses. And, in the excerpts of record, the documents that attempt to show, no, despite what the clear face of these documents, the indictment says, it's a conviction, it was actually a juvenile civil adjudication, then he would have the burden to show that, and he hasn't done that. I'm not sure that's true. I mean, I understand that that's a plausible argument, but it's also plausible that you, under the statute, have to show that he would have been punishable, and, therefore, you would have to show that, that is, the state would have to show that, in Arkansas, he was punished in a fashion comparable to that which would have led, in California, to his being punishable as an adult. And, if there's any doubt about it, the doubt should be resolved in favor of the presumptive juvenile, since he was 16. Well, Your Honor, Arkansas, just as California, had a fitness procedure, and it could treat juveniles accused of crimes as juveniles or it could treat them as adults. It chose to treat Mr. Bean as an adult. And, if you look at the information, the statutory information in the law review articles that he's provided, there was actually a training school in Arkansas that juveniles could be sent to by the courts. Mr. Bean was not sent to a training school. He was sent to the Tucker Institution that was part of the state penitentiary. So, presumably, that indicates that that was a more serious crime. And, if you look at the annotated statutes, they say that Arkansas Statute 46-9081, the Tucker Institute is for youthful male offenders who have been convicted of felonies. I see that on October 874, the Pulaski Circuit Court of Arkansas sentenced him to 15 years in prison on the charge that we're talking about. Isn't that conclusive of the proposition that he was convicted of an adult crime? I would say so. There's no indication in the record that he was adjudicated in any other manner than conviction of an adult crime. Why? It's universal. You don't go to state prison for conviction of a finding of a juvenile responsibility. That's correct, Your Honor. And that is the triggering event. How do you explain the Superior Court strike decision, then? Well, Your Honor, that was in the context of a three-strike sentencing ruling. It was looking at 707B, which is not even the applicable fitness hearing procedure. 707A would be, if it were, if he were tried today. And also, six months later, that same judge took up this very issue of registration, and this is on the excerpts of Record Page 14, and found that even though he was 16 at the time, it was nonetheless a conviction for one of the enumerated offenses, and he's required to register under Penal Code 290. The same judge who wrote this? The same judge, Judge Rockner, and that's on Page 14. In the earlier decision on the three strikes, he said that he would not have been charged as an adult in California. No, that's not what the court said. The court said that the crime of assault with intent to rape is not one of the crimes enumerated in 707B. But, again, 707B wasn't even in effect in 1972, and it is not the, if it was in effect, it's not the applicable provision for Mr. Bean today. 707B is simply a burden-shifting fitness procedure. 707A that's in effect today is just the universal fitness procedure that minors convicted of or accused of any crime can be found unfit for juvenile court and tried as an adult, and there's no reason to suspect that someone of this crime couldn't have been tried as an adult. Thank you, counsel. Can I have just a moment to sum up? Mr. Bean's not being treated any differently than minors convicted of the same offense in California. Penal Code 290A requires all people convicted of this offense, including minors, and this is straight from Bernardino, to register regardless of the state of conviction. The L.A. County sentencing order is not dispositive because 707B was not even in effect at the time, and it was in a different context. The court must give full faith and credit to the Arkansas conviction, and there's no indication in the record that it's anything other than an adult conviction. And finally, a paused interpretation of 290A is not correct. The focus, there is no could-have-been-convicted test that is supported by either the plain language of the statute or case law. Thank you. Thank you, counsel. You may respond. I just have a few quick points to bring up. One, I think the laws in Arkansas at the time were totally arbitrary as to how they treat juveniles. The juvenile law was last sort of modified substantively in 1911, and that's all in my briefs, and I'll refer you to those. In fact, the statute sort of suggests it all depended on where the officer would like to bring this particular person. It's sort of the court that can determine whether or not... Actually, I think that document is helpful in one sense. That document was in 1974. It was regarding a suspended sentence, a revocation of a suspended sentence. My client in 1972 was convicted in the state of Arkansas, but he was sent home to his parents. But he was rendered... he was treated as a felon in conviction, it appears. Otherwise, this could not have happened. I think, Your Honor, it's to me mind-boggling to send a felon... Mind-boggling maybe, but he was treated as an adult felon. Otherwise, he could have never been... later on, and charged... and just sent willy-nilly to adult prison. Well, that was also... he was already there. He was there for another crime. I appreciate that, but still... Well, how do we know... is there anything to show... this says that on November 20th, he was... he pled guilty and was given a 15-year suspended sentence. Do we know what that was... the one that sends him to prison is upon revocation of his probation. So, do we know what the 15-year suspended sentence was to? Well, the 15-year suspended sentence was to this assault with intent to commit... No, I know what it was for. Sentenced to what? Oh, he was sentenced to the Tucker Reformatory Institute. And in 1972? In 1974. I'm not making myself clear. We're going to read into this document that Judge Trott has appropriately referred to, and it says, it appearing to the court that on November 20, 1972, the defendant entered a plea of guilty and was given a 15-year suspended sentence. Okay, that's step one in 72. And the state having petitioned the court for revocation of suspended sentence, a hearing is had, said petition is granted to the court, whereupon defendant is sentenced to 15 years imprisonment in the state penitentiary. Now, my question is, what is the evidence, as Judge Trott suggests, that it had to... the first sentence had to have been to state prison, otherwise he couldn't have been sentenced to state prison on the revocation? Or what is the nature of the 15-year suspended sentence? To what institution would he have gone if it had not been suspended? In 1972. At the time, Your Honor, the Arkansas Penitentiary was under the jurisdiction of the Federal District Court because of... You're not answering my question. Where would he have gone? He would have gone to theory. He would have gone to... In theory, I believe he would have gone to the Tucker Reformatory Institute. Or he would have gone to a prison facility. That's all they had. Okay, fine. You see, have you ever been through one of these things mechanically? What happens is the judge says, you're sentenced to state prison for the term prescribed by law or whatever it is. And then the judge says, and that sentence is suspended. So there's actually a sentence on the books. And then they suspend the sentence and they put you on probation. And you understand, should you violate it, then you're going to come back, they're going to impose the sentence, it's already been imposed, and boom, you're just gone. So that's the question we're asking. And the answer is to Tucker. Yes, yes, to Tucker Reformatory Institute. Do you have anything else, counsel? Just to sum up, I believe, as some members of the Court have pointed out, the burden issue is kind of key, in my opinion. The Superior Court, we have a finding of the Superior Court, on point, for the purpose of three strikes, but they had to make a finding whether or not this was a juvenile or an adult conviction. That Court said it would have been a juvenile conviction in California, and therefore not a strike. But the State tells us that same judge construed it in this context as being comparable or qualifying. As to the habeas petition, I didn't know it was the same judge as to the habeas petition, though he was sitting as a reviewer, not a finder of fact. That said, there is this issue of burden, and I think my client has pointed out quite clearly that he would not have been convicted in California and that the State is treating him differently because of where the commission of the crime happened, and that if 290 is applied to him, his due process rights will unfortunately be violated as well because he will not have had this fitness hearing that he should have been entitled to. Thank you, Your Honor. Thank you, counsel. The case just argued is ordered and submitted. We appreciate your help. We'll call the next case.
judges: B. Fletcher, Trott, Fisher